**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DORRELL L. WALLACE, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-cv-07943 (JBS-AMD) |
| CAMDEN COUNTY<br>CORRECTIONAL FACILITY, | **OPINION** |
| Defendant. | |

APPEARANCES

Dorrell L. Wallace, Plaintiff Pro Se
1719 Hybrid Place
Clementon, NJ 08021

**SIMANDLE, Chief District Judge:**

1.   Plaintiff Dorrell L. Wallace seeks to bring a civil

rights complaint pursuant to 42 U.S.C. § 1983 against the Camden

County Correctional Facility ("CCCF") for allegedly

unconstitutional conditions of confinement. Complaint, Docket

Entry 1.

2.   28 U.S.C. § 1915(e)(2) requires courts to review

complaints prior to service in cases in which a plaintiff is

proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any

claim that is frivolous, is malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. §

1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

     3.    For the reasons set forth below, the Court will: (1)

dismiss the Complaint with prejudice as to claims made against

CCCF; and (2) dismiss the Complaint without prejudice for

failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

### Claims Against CCCF: Dismissed With Prejudice

     4.    Plaintiff brings this action pursuant to 42 U.S.C.

§ 1983[1] for alleged violations of Plaintiff's constitutional

rights. In order to set forth a *prima facie* case under § 1983, a

plaintiff must show: "(1) a person deprived him of a federal

right; and (2) the person who deprived him of that right acted

under color of state or territorial law." *Groman v. Twp. of*

*Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v.*

*Toledo,* 446 U.S. 635, 640 (1980)).

     5.    Generally, for purposes of actions under § 1983,

"[t]he term 'persons' includes local and state officers acting

under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99

---

[1] Section 1983 provides: "Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State .
. . subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress . . . ." 42 U.S.C. § 1983.

(3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

say that a person was "acting under color of state law" means

that the defendant in a § 1983 action "exercised power [that the

defendant] possessed by virtue of state law and made possible

only because the wrongdoer [was] clothed with the authority of

state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation

omitted). Generally, then, "a public employee acts under color

of state law while acting in his official capacity or while

exercising his responsibilities pursuant to state law." *Id.*

at 50.

    6.    Because the Complaint has not sufficiently alleged

that a "person" deprived Plaintiff of a federal right, the

Complaint does not meet the standards necessary to set forth a

*prima facie* case under § 1983. In the Complaint, Plaintiff seeks

monetary damages from CCCF for allegedly unconstitutional

conditions of confinement. The CCCF, however, is not a "person"

within the meaning of § 1983; therefore, the claims against it

must be dismissed with prejudice. *See Crawford v. McMillian*, 660

F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity

subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.*

---

[2] "Person" is not strictly limited to individuals who are state
and local government employees, however. For example,
municipalities and other local government units, such as
counties, also are considered "persons" for purposes of § 1983.
*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658,
690-91 (1978).

*Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7.    Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

<u>Conditions Of Confinement Claims:</u>
<u>Dismissed Without Prejudice</u>

8.    Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9.    The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10.   To survive *sua sponte* screening for failure to state a

claim[3], the Complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Fowler v. UPMS*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Mala v. Crown Bay*

*Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation

omitted) (emphasis added).

---

[3] "The legal standard for dismissing a complaint for failure to
state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the
same as that for dismissing a complaint pursuant to Federal Rule
of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-
1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017)
(citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.
2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000));
*Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012)
(discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*,
287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. §
1915A(b)).

11.   A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12.   However, with respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "I was forced to sleep on the floor of my cell." Complaint § III(C).

13.   Plaintiff offers inconsistent dates as to when these events occurred: "July–September 2015, 2014" (*id*. § II(B)) and "July-Oct 2015, 2016." (*id*. § III(B)).

14.   The Complaint alleges that Plaintiff suffered "a cold [and] other infections" as a result of these events. *Id*. § IV.

15.   With respect to requested relief, Plaintiff seeks $7,000 - $10,000. *Id*. § V.

16.   Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*,

488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking

does not constitute punishment, because there is no 'one man,

one cell principle lurking in the Due Process Clause of the

Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542

(1979))). More is needed to demonstrate that such crowded

conditions, for a pretrial detainee, shocks the conscience and

thus violates due process rights. *See Hubbard v. Taylor*, 538

F.3d 229, 233 (3d Cir. 2008) (noting due process analysis

requires courts to consider whether the totality of the

conditions "cause[s] inmates to endure such genuine privations

and hardship over an extended period of time, that the adverse

conditions become excessive in relation to the purposes assigned

to them."). Some relevant factors are the length of the

confinement(s), whether plaintiff was a pretrial detainee or

convicted prisoner, any specific individuals who were involved

in creating or failing to remedy the conditions of confinement,

any other relevant facts regarding the conditions of

confinement, etc.

      18.   There are also not enough facts for the Court to infer

Plaintiff was denied adequate medical care. In order to set

forth a cognizable claim for violation of the right to adequate

medical care, an inmate must allege: (1) a serious medical need;

and (2) behavior on the part of prison officials that

constitutes deliberate indifference to that need. *See Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A mere assertion that Plaintiff's "cold and other infections" were "misdiagnosed by medical staff due to overcrowding conditions" (Complaint § IV) is insufficient to meet the pleading standard in the absence of any facts. If Plaintiff wishes to pursue this claim, Plaintiff should provide facts in an amended complaint supporting both of the requirements of a claim of inadequate medical care.

19.   Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

20.   Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable

---

[4] The amended complaint shall be subject to screening prior to service.

inference that a constitutional violation has occurred in order

to survive this Court's review under § 1915.[5]

21.  Plaintiff should note that when an amended complaint

is filed, the original complaint no longer performs any function

in the case and cannot be utilized to cure defects in the

amended complaint, unless the relevant portion is specifically

incorporated in the new complaint. 6 Wright, Miller & Kane,

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes

omitted). An amended complaint may adopt some or all of the

allegations in the original complaint, but the identification of

the particular allegations to be adopted must be clear and

explicit. *Id.* To avoid confusion, the safer course is to file an

amended complaint that is complete in itself. *Id.* The amended

---

[5] To the extent the Complaint seeks relief for conditions
Plaintiff encountered prior to October 13, 2014, those claims
are barred by the statute of limitations. Claims brought under §
1983 are governed by New Jersey's two-year limitations period
for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276
(1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.
2010). "Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d
472, 480 (3d Cir. 2014). The allegedly unconstitutional
conditions of confinement would have been immediately apparent
to Plaintiff; therefore, the statute of limitations on some of
Plaintiff's claims expired two years after release from
incarceration. In the event Plaintiff elects to file an amended
complaint, it should be limited to confinements in which
Plaintiff was released after October 13, 2014.

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

22.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim.

23.  An appropriate order follows.


**March 30, 2017**                                    **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       Chief U.S. District Judge

2